*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARROW GROUP, INC.,

        Plaintiff-Appellant,

v

DETROIT LAND BANK AUTHORITY,

        Defendant-Appellee.

UNPUBLISHED
May 21, 2019

No. 341822
Wayne Circuit Court
LC No. 17-002792-CK

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting summary disposition in favor of defendant under MCR 2.116(C)(8) (failure to state a claim). We affirm in part, reverse in part, and remand.

The trial court summarized the facts of this case in its amended order granting summary disposition to Detroit Land Bank Authority (DLBA) as follows:

> DLBA is an independent public authority that was statutorily created to deal with vacant and abandoned property in the City of Detroit. As such, it has demolished more than 10,000 structures since 2014. Farrow Group, Inc. ("Farrow"), is a demolition contractor who performed demolition work for DLBA in the past.
>
> In June 2016, Farrow submitted bids to the Detroit Building Authority ("DBA") for demolition work on properties owned by the DLBA pursuant to DBA's request for proposals ("RFP"). The DBA was acting as the DLBA's procurement manager. The bids were for demolition work on approximately 155 properties located in the City of Detroit. Farrow claims it had contracts with the DLBA to perform the demolition work on these properties and that it purchased more than $700,000 worth of equipment in reliance on the contracts. Farrow maintains the DLBA breached the contracts when it

-1-

informed Farrow in October 2016 that all June 2016 RFPs needed to be re-bid per direction of the Michigan State Housing Development Authority and the United States' Department of Treasury.

Farrow filed a three count complaint against the DLBA claiming breach of contract, promissory estoppel and asking this Court for injunctive relief. The DLBA filed this motion pursuant to MCR 2.116(C)(8) claiming Farrow has failed to state a claim on which relief can be granted.

With respect to plaintiff's claim for breach of contract, the trial court granted summary disposition to DLBA, reasoning as follows:

MCR 2.116(C)(8) provides for summary disposition when the opposing party has failed to state a claim on which relief can be granted. A motion under MCR 2.ll6(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Bailey v Schaaf,* 494 Mich 595, 603, 835 NW2d 413 (2013). A motion under MCR 2.116(C)(8) is appropriately granted where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Maiden v Rozwood,* 461 Mich 109, 119, 597 NW2d 817 (1999) (internal citation omitted).

The DLBA contends that summary disposition is proper in that Farrow lacks standing to sue as a disappointed bidder on a governmental contract. Further, it is the DLBA's position that even if this court were to find that Farrow has standing, no contracts were formed as the RFPs unambiguously described the conditions precedent to forming a contract, and those conditions were not satisfied.

This Court finds that Farrow does not have standing to sue as a disappointed bidder on a governmental contract. The case of *WDG Investment Co, LLC v Mich Dept of Mgmnt and Budget,* Case No 229950, 2002 WL 31424731 (Mich Ct App Oct 25, 2002) while unpublished, is factually similar to the case at bar. In *WDG,* the DMB issued RFPs to developers to bids for a building for state employees in the City of Grand Rapids. Several documents, were incorporated into the RFPs and RFPs made clear that the bids had to be approved by the attorney general, the DMB, the lessee, the lessor and others. The plaintiff in *WDG* was announced the successful bidder however none of the conditions precedent to the formation of the contract were satisfied and the *WDG* defendant then announced that all bids, including the plaintiffs were rejected.

Likewise, in this case, according to the specific language of the DBA's RFPs, if a bid was selected, the DLBA would issue a Notice of Award. Once the Notice of Award was issued, a bidder would have seven days to execute and return the Demolition Agreement to the DLBA. The RFPs also state that "[c]ontracts will become effective on DBA notice to proceed date."

Farrow does not deny that it never received a Notice of Award, that it never returned a Demolition Agreement or that it received a notice to proceed. Farrow claims its contract with the DLBA is based upon conversations its employees purportedly had with representatives of the DBA and an internal DLBA database.

This Court agrees with DLBA that Farrow lacks standing to sue as a disappointed government contract bidder. In Michigan, the courts have consistently held that a disappointed bidder on a government contract has no standing to sue with respect to the bid. *Cedroni Assn, Inc v Tomblinson, Harburn Assoc, Architects & Planners Inc,* 492 Mich 4. 46; 821 NW2D 1, 3 (2012). This is because the public, not the bidder, is the intended beneficiary of the public contract procurement procedures. *See Groves v Dept of Corr,* 295 Mich App 1, 7; 811 NW2d 653 (2011).

Even is this Court found that Farrow had standing to sue summary disposition is proper because there was no acceptance of the contracts and a government employee does not have the ability to independently bind a governmental entity. As stated above the conditions precedent to the formation of the contracts were not satisfied. The mere allegations in Farrow's complaint that a DBA employee purportedly told Farrow they were awarded the contracts is insufficient to create a contract when the RFPs specifically state the procedure[s] that were to be followed in order to form a contract.

We tend to agree with plaintiff that the reliance on the disappointed bidder rule is misplaced. As we read plaintiff's argument, it is not that plaintiff is challenging the bidding process or that it should have been granted the bid that was denied, which the disappointed bidder rule precludes; rather, plaintiff argues that it was the successful bidder. See *Cedroni*, 492 Mich at 46. Nonetheless, we agree that summary disposition was appropriate because the RFP clearly indicated that a written contract would have to be entered into. And it is undisputed that no contract was entered into. Accordingly, regardless whether the statute of frauds would require a written contract in this context, it was clearly indicated in the RFP that the parties would be bound only by a written contract.

But we are not persuaded that the trial court correctly granted summary disposition on plaintiff's promissory estoppel claim. Indeed, it is not at all clear to us why the trial court granted summary disposition on this count inasmuch as there is no analysis or discussion of this claim. In any event, plaintiff's complaint does plead a claim based upon promissory estoppel. Whether the claim can survive summary disposition requires greater consideration and analysis by the trial court. It certainly does not automatically fail merely because the breach of contract claim fails.

The grant of summary disposition on the claim for breach of contract is affirmed. The grant of summary disposition on the promissory estoppel claim is reversed and remanded for

further proceedings consistent with this opinion.  We do not retain jurisdiction.  No costs, neither party having prevailed in full.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto